No. 90–7347.   SMITH v. UNITED STATES.   C. A. 4th Cir.   Certiorari denied.   JUSTICE THOMAS took no part in the consideration or decision of this petition.

Opinion of JUSTICE STEVENS, respecting the denial of the petition for writ of certiorari.

For the reasons stated in JUSTICE BLACKMUN's dissenting opinion, there is no escape from the conclusion that the Court of Appeals committed error in this case.   I write only to note that I find it difficult to articulate an acceptable theory of discretionary review that would explain both the Court's denial of certiorari in this case and its summary reversal in *Mireles* v. *Waco, ante,* p. 9 *(per curiam),* and *Hunter* v. *Bryant, ante,* p. 224 *(per curiam).*

JUSTICE BLACKMUN, with whom JUSTICE O'CONNOR and JUSTICE SOUTER join, dissenting.

Petitioner Roy Smith claims that the Court of Appeals for the Fourth Circuit reviewed his conviction in a manner inconsistent with this Court's precedents on the application of harmless-error analysis.   I agree.   I would grant the petition, summarily vacate the judgment, and remand the case to the Court of Appeals.

Petitioner and a codefendant, Slade Miller, were tried jointly for federal murder and conspiracy to commit murder, in violation of 18 U. S. C. §§ 1111 and 1117, on charges arising from the killing of a fellow inmate at Lorton Reformatory in Virginia.   The Government's case relied in significant part on the testimony of Cor-

nell Warren, another co-conspirator who had entered into a cooperating plea agreement. Warren established the link between Smith and Miller and introduced statements by still another co-conspirator (who did not testify) that Smith had obtained shanks (prison-made knives) in preparation for the killing. Warren also testified that Smith had used a shank to stab the victim. Other witnesses testified that Miller stabbed the victim, while Smith restrained the only guard in the room.

On cross-examination, the court pre-empted defense counsel's attempt to question Warren about his possible incentives for testifying as a Government witness. In response to the judge's questioning, Warren gave contradictory testimony as to whether or not his lawyer had told him that he would probably receive a lesser sentence by pleading guilty than if he were tried and convicted. Over defense counsel's objections, the court then refused to permit further questions. The jury convicted Smith of conspiracy to commit murder and second-degree murder.

Smith appealed, asserting that the court had violated his rights under the Confrontation Clause of the Sixth Amendment by denying him the ability to show bias or self-interest in the witness. For purposes of the appeal, the Court of Appeals assumed that constitutional error was committed and that reversal was required unless the error could be found to be harmless beyond a reasonable doubt.

In reviewing the Government's evidence against Smith, the Court of Appeals explained that it was "[e]ssentially discounting Warren's testimony except as it is corroborated by other evidence, and considering all that remains in the light most favorable to the government . . . ." See *United States* v. *Smith*, No. 89–5475 (CA4, Dec. 10, 1990), App. to Pet. for Cert. 12, affirmance order, 919 F. 2d 734. The court found that this evidence, "obviously sufficient to convict if believed," was contradicted only by "Smith's facially implausible testimony that he held the guard only to protect him." App. to Pet. for Cert. 13. Accordingly, the Court of Appeals held that any error in restricting Smith's impeachment of Warren was harmless beyond a reasonable doubt.

As we made clear in *Satterwhite* v. *Texas,* 486 U. S. 249 (1988), the question "is not whether the legally admitted evidence was sufficient to support" the verdict; rather, the question is "whether the [prosecution] has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'"

*Id.,* at 258–259, quoting *Chapman* v. *California,* 386 U. S. 18, 24 (1967). In short, the adequacy of the legally admitted evidence is only one of the factors to be considered in determining the influence that the error had upon the jury. See, *e. g., Arizona* v. *Fulminante,* 499 U. S. 279, 297–300 (1991) (focusing on the contribution of the coerced confession); *Satterwhite,* 486 U. S., at 259–260 (focusing on the contribution of testimony on future dangerousness).

In my view, the Court of Appeals misapplied harmless-error analysis in two respects. First, it gave only cursory consideration to how the error contributed to the verdict, summarily stating that Warren's testimony, "though undoubtedly helpful to the prosecution because he was a charged co-conspirator, was to a large extent either cumulative or generally corroborated by other testimony." App. to Pet. for Cert. 13. Rather, the Court of Appeals relied on its conclusion that the legally admitted evidence was "obviously sufficient to convict if believed." *Ibid.* The Court of Appeals' focus on the adequacy of the legally admitted evidence was error.

The Court of Appeals then compounded this error by considering the legally admitted evidence "in the light most favorable to the government." *Id.,* at 12. We have consistently held since *Chapman* that constitutional error "casts on someone other than the person prejudiced by it a burden to show that it was harmless." 386 U. S., at 24. See also *Fulminante,* 499 U. S., at 296 (prosecution has burden of demonstrating that admission of confession did not contribute to conviction); *Satterwhite,* 486 U. S., at 258–259. The Court of Appeals' review of the evidence in the light most favorable to the Government improperly shifted the burden to Smith.

In sum, focusing on the legally admitted evidence in the light most favorable to the Government "preserves" the factfinder's weighing of the evidence. Such preservation is desirable when the reviewing court is examining the legal sufficiency of the evidence. See *Jackson* v. *Virginia,* 443 U. S. 307, 319 (1979). Once the reviewing court has identified a constitutional error, however, it should not preserve the factfinder's tainted deliberation—it should dissect it. The reviewing court then must require "the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman,* 386 U. S., at 24. Because the Court

of Appeals' unpublished opinion* cannot be squared with our harmless-error precedents, I would vacate the judgment and direct the Court of Appeals to review the sentence under the proper standard.

---

*The fact that the Court of Appeals' opinion is unpublished is irrelevant. Nonpublication must not be a convenient means to prevent review. An unpublished opinion may have a lingering effect in the Circuit and surely is as important to the parties concerned as is a published opinion.