68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. BURTON, Plaintiff-Appellant,
v.
Peter C. ECONOMUS, Judge, Mahoning County Common Pleas
Court, Defendant-Appellee.
 No. 95-3369.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges; and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Robert A. Burton appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed his complaint in the district court alleging that the defendant state court judge deprived him of his civil rights when defendant denied a motion for default judgment in the context of a state court civil action in which plaintiff is the party plaintiff before defendant's court. Plaintiff named the defendant in unspecified capacity and sought unspecified injunctive relief and $1,000,000 punitive and compensatory damages. Defendant moved the district court for a judgment on the pleadings, and the district court denied defendant's motion by marginal entry, but dismissed plaintiff's complaint on the basis of judicial immunity. Plaintiff filed a timely notice of appeal.
 
 
 4
 On appeal, plaintiff continues to assert that defendant denied him equal protection in the state court action and contends that the district court improperly dismissed his complaint. Defendant responds that plaintiff's complaint was properly dismissed on the basis of judicial immunity. Upon consideration, the judgment of the district court is affirmed because plaintiff did not state a claim for relief upon which relief can be granted in the district court.
 
 
 5
 First, defendant is entitled to absolute immunity from suit for money damages on the basis of the acts alleged. Generally, judges are entitled to absolute immunity from suit for money damages for acts undertaken within their jurisdiction as judge. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam); King v. Love, 766 F.2d 962, 965-68 (6th Cir.), cert. denied, 474 U.S. 971 (1985). Here, defendant allegedly denied plaintiff's motion for a default judgment sought on the basis that the state court party defendant failed to appear to give his deposition. Instead, defendant judge herein ordered the state court party defendant to appear to give his deposition at a mutually convenient time and imposed costs against the party defendant. Clearly, these acts were undertaken within defendant's jurisdiction as state court judge. Accordingly, defendant is entitled to absolute immunity from suit for damages.
 
 
 6
 However, plaintiff's claim for injunctive relief against the defendant state judge is not barred by judicial immunity. See Supreme Court of Va. v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-37 (1980). Moreover, it is not clear that abstention is appropriate in this case because the nature of the pending state civil litigation is not apparent from the record. See Kelm v. Hyatt, 44 F.3d 415, 419-20 (6th Cir.1995); Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir.), cert. denied, 115 S.Ct. 193 (1994). Nonetheless, the district court's judgment will be affirmed because plaintiff did not state a claim for injunctive relief upon which relief can be granted.
 
 
 7
 Plaintiff's complaint contains no more than a bare demand for unspecified injunctive relief and no claim for injunctive relief otherwise appears appropriate under the circumstances of this case. Even assuming that plaintiff adequately asserted a claim for injunctive relief, plaintiff must allege a racially discriminatory motivation or purpose in an official's decision in order to establish a violation of the Equal Protection Clause. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977). Plaintiff has not asserted that his race was a factor in the defendant's state court decision. Nor has he asserted that similarly situated persons were treated differently from him. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Under these circumstances, plaintiff failed to state a claim for injunctive relief upon which relief can be granted under Sec. 1983 in any event.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation