94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. NATION, Plaintiff-Appellant,
v.
Robert W. WEDEMEYER; James E. Walton; Larry D. Wilks;
City of Springfield; Charles R. Ray, Defendants-Appellees.
 No. 95-6354.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 M.D.Tenn., No. 95-00909; Thomas A. Wiseman, Jr., Judge.
 M.D.Tenn.
 AFFIRMED.
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 James H. Nation, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nation was employed by the City of Springfield as director of the municipal gas department and embezzled department funds over a 15-year period. He pleaded guilty to theft of over $301,000 and was sentenced to the maximum term of 12 years in prison plus payment of restitution. In addition, the city initiated a civil action seeking to recover the embezzled funds. In his federal civil rights action, Nation sued two judges (Wedemeyer and Walton), the City of Springfield, the Springfield City Attorney (Wilks), and Nation's retained attorney (Ray) for allegedly violating his unspecified constitutional rights by "conspir[ing] ... to try and to reclaim the announced loss of monies, through any legal channel available to them and to do so under the 'color of law,' without any regard for damage against the Plaintiff." Nation sought monetary relief, relief from "persecution," and the removal of the individual defendants from public office. The district court dismissed the complaint for lack of subject matter jurisdiction in an order entered on September 20, 1995. The court concluded that Nation was challenging the legality of a pending state court action and that the federal district courts lack jurisdiction over such a challenge.
 
 
 3
 On appeal, Nation asserts for the first time that "the crux of [his] complaint is about 'double jeopardy' being exercised against [him] by the named defendants." He further argues that his complaint stated a valid civil rights claim for conspiracy under color of law and that the state court's restitution order is contrary to state law.
 
 
 4
 Upon review, we affirm the district court's order for reasons other than that stated by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 5
 We initially note that the injuctive relief sought--the removal of the defendants from office--is patently inappropriate and beyond this court's authority. In addition, Nation's requested "relief from persecution" is too vague a remedy to avoid dismissal.
 
 
 6
 Nation's argument on appeal that the "crux" of his case rests in a double jeopardy claim was not presented to the district court. Except in exceptional circumstances, which do not exist in this case, this court normally will not address an issue raised for the first time on appeal. Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995).
 
 
 7
 The action was properly dismissed as to defendants Wedemeyer and Walton because, as judges in the proceedings, they are absolutely immune from suit for damages. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Defendant Wilks requested the restraining order and preliminary injunction against the transfer of Nation's assets on behalf of the City of Springfield and was a witness at Nation's sentencing hearing. It is clear that the granting of the injunction, rather than the request itself, is the cause of any constitutional violation that may have resulted. Wilks is entitled to absolute immunity for his testimony at sentencing. See Briscoe v. LaHue, 460 U.S. 325, 329-36 (1983). Thus, the complaint against Wilks was properly dismissed.
 
 
 8
 When a § 1983 claim is made against a municipality, two distinct issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the city is responsible for that violation. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). Taking the allegations in the complaint as true, Nation has failed to allege a constitutional violation. He cites in his complaint no provision of the Constitution or its amendments which would prevent a municipality from using legal means to recover funds embezzled from it by a city employee. In fact, the Tennessee statute regarding restitution expressly provides that "[t]he provisions of this section are cumulative, and do not deprive the injured of any other right he may have for the recovery of his property or its value." Tenn.Code Ann. § 40-20-116(c).
 
 
 9
 Regarding the second inquiry of the Collins test, municipalities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978). Nation has cited no such policy or custom. The doctrine of respondeat superior, upon which Nation apparently relies, simply does not apply to § 1983 suits. Id. Therefore, the complaint against the City of Springfield was properly dismissed.
 
 
 10
 Nation also appears to believe that he received ineffective assistance of counsel because his counsel was attorney-of-record for a time relative to the civil action as well as representing him in his criminal proceeding. However, Nation has no right to counsel in a civil case and so has no right to the effective assistance of counsel in that proceeding. See Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991). Furthermore, he has failed to allege facts to support a finding that an actual conflict of interest adversely affected his attorney's performance in his criminal case. See United States v. Mays, 77 F.3d 906, 908 (6th Cir.1996).
 
 
 11
 In order to be subject to suit under § 1983, the defendant's conduct must be fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Defendant Ray, as a privately-retained defense attorney, is not subject to suit under § 1983 because he is not a state actor. Although a private party who conspires with a state actor to commit the offensive conduct thus becomes a state actor himself and thus may be found liable under § 1983, see Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982), Nation has presented no evidence, other than an attempted plea bargain, which would support a finding of conspiracy in this case. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 12
 Finally, Nation's argument that his restitution order violated state law is not cognizable under § 1983, which provides relief for a violation of a federal right.
 
 
 13
 Accordingly, the district court's order, entered on September 20, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.