129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Austin J. McGREAL, Plaintiff-Appellant,
v.
SAN BERNARDINO COUNTY; San Bernardino Superiod Court;
State of California; John P. Wade, individually and as
Judge of the Superior Court; John P. Carroll, individually
and as Judge of the Superior Court; Carl E. Davis,
individually and as Judge of the Superior Court; Elizabeth
Frazier, individually and as Clerk of the Superior Court,
Defendants-Appellees.
 No. 97-55367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-00377-RT-VAP; Robert J. Timlin, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Austin J. McGreal appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated during state judicial proceedings in the San Bernadino Superior Court. McGreal sought general and punitive damages from the County, state judges, and the State of California.
 
 
 3
 Our review of the record indicates the district court properly concluded the judicial defendants were absolutely immune from suit. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Franceschi v. Schwartz, 57 F.3d 328, 830-31 (9th Cir.1995). We reject as unsupported by the record McGreal's contention that Judges Carroll and Wade acted in absence of jurisdiction. See id.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McGreal appears to have waived any challenge in his opening brief to the remainder of the district court's dismissal order. In any event, the dismissal of the remaining defendants was proper because the County cannot be held liable on a theory of respondeat superior, see Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-95 (1978), and the State of California is immune under the Eleventh Amendment from suits for money damages. McGreal's complaint failed to state a claim under 42 U.S.C. § 1983 against the private parties because it failed sufficiently to allege that the attorney or his client acted as a state actor, see Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981) (private attorney performing a lawyer's traditional function cannot be considered to act under color of state law)