**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DERRAL SCHRODER,

    Plaintiff - Appellant,

v.

O. EDWARD SCHLATTER,
Magistrate Judge, and John and Jane
Does One Through Unlimintd [sic],

    Defendants - Appellees.

No. 98-1396

(D.C. No. 98-D-1196)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

    After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Proceeding pro se, Plaintiff-Appellant Derral Schroder appeals the district court's dismissal of his complaint alleging violations of his federal constitutional

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

rights. In his complaint,[1] Plaintiff alleged that O. Edward Schlatter, who was at the relevant times acting in his capacity as a Colorado state court judge, along with various John and Jane Does, violated his due process rights by convicting him of criminal charges and sentencing him to three and a half years' imprisonment. Specifically, Plaintiff alleged that Judge Schlatter deprived him of due process of law "when he refused to recognize [Plaintiff's] free character and right to freedom of religion." R., Doc. 1 at 9. Plaintiff also claimed due process violations as a result of being forced "to answer for an infamous crime by Police Power, without a presentment or indictment of a Grand Jury," and of being "deprived of liberty and property without due process of law." In addition, he claimed that his private property was taken for public use without just compensation. See id. at 10. Finally, Plaintiff claimed that Defendants deprived him of due process of law by denying him assistance of counsel and "the right to enjoy a speedy and public trial by an impartial jury." Id. at 11. Plaintiff sought damages in the amount of one million dollars for these alleged violations. He also filed an application seeking leave to proceed *in forma pauperis*.

In its Order dated June 11, 1998, the district court granted Plaintiff leave to

---

[1]Plaintiff originally filed his complaint in the United States District Court for the District of Columbia. Because Plaintiff and Defendants resided in Colorado, and because the alleged wrongdoings appear to have occurred in Colorado, his action subsequently was transferred to the United States District Court for the District of Colorado.

proceed *in forma pauperis* and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court explained that Plaintiff's complaint sought monetary damages against Judge Schlatter for "actions he may have taken in his role as a state court judge." R., Doc. 3 at 2. The court stated that "[j]udges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity." Id. Because Plaintiff's suit was legally frivolous and sought monetary relief against a defendant who was immune from such relief, the court dismissed Plaintiff's damages claims against Judge Schlatter. See 28 U.S.C. § 1915(e)(2)(B)(I), (iii). The district court also dismissed Plaintiff's claims against various "John and Jane Does" as legally frivolous because he "fail[ed] to identify these defendants or the claims asserted against them in any other way." Id. at 3. According to the court, such conclusory allegations "do[] not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings." Id. Subsequently, the district court denied Plaintiff's "Objection to Order Dismissing Complaint and Request to Correct Order, and Issue Judgement," which it construed as a motion to reconsider. Plaintiff then filed a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal. The district court denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal.

On appeal, Plaintiff renews his motion for leave to proceed *in forma*

*pauperis* on appeal and raises essentially the same alleged constitutional violations he raised in his complaint. He also accuses Judge Wiley Y. Daniel, who issued the decision on appeal in this case, of denying him due process of law and alleges that Judge Daniel "has no delegation of authority, jurisdiction and venue, to hold [Defendant] to a foreign jurisdiction . . . and refuse [him] due process of law as our Bill of Rights guarantees Citizens for the United States." Appellant's Br. at 11. Further, he argues that the district court erred in concluding that Judge Schlatter was "above the law and only subject to [his] superior officer's orders." Id. at 9. Upon careful consideration of Plaintiff's brief, the district court's order, and the applicable law, we agree with the district court's conclusions that Judge Schlatter is absolutely immune from Plaintiff's claims for monetary damages. See Mireles v. Waco, 502 U.S. 9, 9 (1991); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)), cert. denied, 513 U.S. 832 (1994). We also agree with the court that Plaintiff's claims against the "John and Jane Does" are not cognizable due to their vague and conclusory nature. See Northington v. Jackson, 973 F.2d 1518, 1521-22 (10th Cir. 1992).

We therefore **AFFIRM** the district court's dismissal of Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) for substantially the reasons stated in the district

court's Order filed June 11, 1998.[2]

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2]We grant Plaintiff's motion for leave to proceed *in forma pauperis* on appeal.