**Robert C. ROSE, Plaintiff–Appellant,**

v.

**James R. LEAVER; Paul Kray; Geraldine K. Lechevalier, formerly known as Geraldine K. Rose, Defendants–Appellees.**

**No. 01–3881.**

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before SILER and CLAY, Circuit Judges; OBERDORFER, District Judge.*

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

*ORDER*

Robert C. Rose, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985(3). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Rose sued Judge James R. Leaver, a state court domestic relations judge, his former attorney, and his former wife, contending that they conspired to violate his civil rights during his divorce proceedings. Specifically, Rose alleged that he was never served with the divorce petition and that the defendants conspired to deprive him of his personal property. Upon de novo review of a magistrate judge's report, the district court dismissed the complaint for failure to state a claim upon which relief may be granted.

In his timely appeal, Rose contends that the state judge was not entitled to immunity and that he did state a claim under § 1985(3).

A district court's dismissal of a complaint for failure to state a claim is reviewed de novo. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999).

Rose contends that he was never served with the divorce petition. As he was not placed on notice of the proceedings, Judge Leaver never had jurisdiction over the case and could not award Rose's former wife support or divide the jointly owned property. Judges are generally absolutely immune from civil suits for monetary damages. *See Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir.1997). The Supreme

Court has explicitly stated that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *See Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Absolute judicial immunity attaches only to actions undertaken in a judicial capacity. *See Barnes,* 105 F.3d at 1116. Whether an act is judicial depends on the nature and function of the act, not the act itself. *Id.* In examining the functions normally performed by a judge, courts have found that judicial acts involve resolving disputes between parties who have invoked the jurisdiction of the court. *Id.*

■ Although Rose contends that he was never served with the divorce petition, the state court record reveals an answer was filed by Rose's counsel on March 25, 1999. Even assuming that Rose was never served with the petition, the record does establish that Judge Leaver, as a domestic relations judge, had subject matter jurisdiction over the proceedings. Therefore, as Judge Leaver had jurisdiction over the proceedings, he was entitled to absolute immunity. *Id.* The argument is meritless.

Rose asserts that he established a conspiracy claim among the defendants to deprive him of his property. Under § 1985(3), a plaintiff must show: 1) a conspiracy between at least two persons; 2) that the object of the conspiracy was to deprive the plaintiff of equal protection of the law or of privileges and immunities under the law; 3) an act by at least one conspirator in furtherance of the objective; and 4) injury to the plaintiff as a result of the conspiracy. *Griffin v. Breckenridge,*

403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Furthermore, Rose must show that there is some racial or otherwise class-based invidiously discriminatory animus involved in the defendants' actions. *Id.* at 102, 91 S.Ct. 1790.

■ Rose essentially contends that he is being subjected to discrimination as he is an incarcerated individual. Therefore, because he is incarcerated, he has established class-based discrimination. However, prisoners are not a protected class for the purposes of § 1985(3). *See Pryor v. Brennan,* 914 F.2d 921, 923 (7th Cir.1990). As Rose failed to establish a racial or other class-based discriminatory animus, his § 1985(3) claim was properly dismissed.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.