Ronald L. DAVIS, Plaintiff–Appellant,

v.

Martha DAUGHTREY, Judge, et al., Defendants–Appellees.

No. 01–3710.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN, District Judge.*

### ORDER

Ronald L. Davis, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis filed suit against several judges of this court (Judges Keith, Merritt, Siler, Daughtrey, Cole, Clay, and Gilman) and two district judges (Judges Hood and Heyburn) who have sat on this court by assignment. Davis asserted in his rambling complaint that the defendants violated his rights under the Eighth Amendment, the First Amendment, the Due Process Clause, and the Equal Protection Clause

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

through their rulings in Case Nos. 00–5886, 00–6488, 00–6159, "and possibly, 00–5048." He further asserted the defendants "maintain what appears to be white supremacy" in the court and have illegally conspired to keep him incarcerated for the last nineteen years. A magistrate judge recommended sua sponte dismissing the case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) on the basis of judicial immunity. The district court did so, upon de novo review and over Davis's objections.

Davis has filed a timely appeal. His brief is liberally construed as reasserting his claims.

This court reviews de novo a district court judgment dismissing a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

The district court properly dismissed the complaint because the judges are entitled to judicial immunity. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity is available even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction. *Id.* at 11. However, a judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11–12. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir.1985). In disposing of Davis's appeals, the defendants were performing judicial functions and thus are entitled to absolute judicial immunity.

To the extent that Davis sought non-monetary relief, his complaint was properly dismissed because a § 1983 action is not a substitute for an appeal of this court's decision. Davis's sole avenue for relief from this court's decisions lies in an appeal to the Supreme Court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.