

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Nicholas v. Cross

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nicholas v. Cross" (2007). *2007 Decisions*. Paper 1414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-79                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4367
_____

EDWARD J. NICHOLAS,
Appellant

v.

MARY CROSS
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00201)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 9, 2007
BEFORE:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed: March 28, 2007)
_____

OPINION
_____

PER CURIAM.

Edward J. Nicholas, a state prisoner proceeding pro se, appeals an order of

the United States District Court for the Western District of Pennsylvania dismissing his

civil rights complaint.  We will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On May 15, 1998, following a jury trial, Nicholas was convicted of aggravated assault and acquitted of one count of robbery and two counts of criminal conspiracy. He was sentenced to six and one-half years to twenty years in prison. In the ensuing years, Nicholas has come to believe that he was acquitted of the aggravated assault charge as well. In September 2006, Nicholas filed a civil rights action against Mary Cross, a Magisterial District Judge in Dauphin County, where he was tried. The claims in his complaint mostly relate to his contention that he is currently imprisoned for a crime for which he was acquitted. In addition to this claim of imprisonment in violation of due process, Nicholas, also under the heading "statement of claim," alleges malicious prosecution, negligence,"corruption of duties," legal malpractice, and failure to release records .

The Magistrate Judge recommended dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by judicial immunity. The District Court affirmed and adopted the Magistrate Judge's report and recommendation. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Nicholas has been granted leave to proceed in forma pauperis on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(I).[1] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

---

[1] Although the District Court dismissed the complaint without giving Nicholas an opportunity to amend as required by Grayson v. Mayhew State Hosp., 293 F.3d 103 (3d Cir. 2003), we find no error because any amendment would have been futile. See id. at 108.

According to the rule announced by the Supreme Court in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), when a plaintiff brings a civil rights suit that would necessarily imply the invalidity of his conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Nicholas's complaint against Judge Cross is based on the putative fact that she sentenced him to prison despite his acquittal of all charges. However, Nicholas's conviction has not been invalidated. <u>See</u> <u>Nicholas v. Pennsylvania</u>, No. 06-3641(3d Cir. order entered January 31, 2007) (denying a certificate of appealability for habeas petition). Thus, any claim that relies on the invalidity of his aggravated assault conviction, such as his claim for false imprisonment or malicious prosecution, is barred by <u>Heck</u>.

To the extent that Nicholas makes claims that do not depend on the invalidity of his conviction, they are barred by the doctrine of judicial immunity. A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (citation omitted). Because the claims of legal malpractice, negligence, and "corruption of duties," relate to Cross' performance of her judicial duties, she is immune from suit.

3

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Nicholas's pending motion is denied.

4