

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# Thomas Terry v. City of Pittsburgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Thomas Terry v. City of Pittsburgh" (2008). *2008 Decisions.* Paper 313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2374
_____

THOMAS TERRY,
    Appellant

v.

CITY OF PITTSBURGH; ROBERT E. COLEVILLE; KIM BERKELEY CLARK;
STEPHEN ZAPPALA, Jr.; RONALD WADDY; JAMES MCGREGOR; JAMES HEYL;
MARGARET GOLD; HELEN LYNCH; RACHELLE TERRY; LAURA BETH FLECK,
in their individual and personal capacities; LESTER G. NAUHAUS; SHELLEY STARK;
CANDACE CAIN; FRANCIS CAIAZZA; DONETTA W. AMBROSE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No.2-08-cv-00192)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 17, 2008
Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 28, 2008)
_____

OPINION
_____

PER CURIAM

This is an appeal from the District Court's dismissal of Thomas L. Terry's civil

rights complaint. For the following reasons, we will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

Terry is a prisoner currently incarcerated at the State Correctional Institution at Mercer, Pennsylvania. In February 2008 he filed a civil rights complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, against police officers, district attorneys, public defenders, a judge and witnesses involved in his criminal conviction in the Court of Common Pleas of Allegheny County in July 1993. In his complaint, Terry also named two federal judges who adjudicated his habeas corpus petition arising out of his 1993 conviction. Terry alleged, inter alia, that defendants falsified evidence and testimony in order to obtain his conviction for aggravated assault, burglary, and spousal sexual assault. The District Court, adopting the Report and Recommendation of the Magistrate Judge, dismissed the complaint for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i).

For substantially the reasons given by the District Court, we agree that Terry has failed to state a claim upon which relief may be granted. The Supreme Court has held that, if judgment in favor of a plaintiff in a civil suit under 42 U.S.C. § 1983 would necessarily imply the invalidity of a prior criminal conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See Heck v. Humphrey, 512 U.S. 477, 484-87 (1994). Thus, before Terry may bring a complaint alleging that he was convicted based on falsified evidence

2

and testimony, he must first demonstrate that his conviction or sentence  has been invalidated.[1]  Terry has failed to make such a showing.  Moreover, judicial officers have absolute immunity from suit when acting within their official capacities.  See Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam).  Therefore, Terry's claims against the judges named in his complaint must also fail.

Accordingly, because Terry's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Terry's motion for summary action and motions for discovery, a hearing, bill of particulars, and subpoenas are denied.

---

[1] To the extent that Terry attempts to raise ineffective assistance of counsel or otherwise attempts to challenge the validity of his conviction, we note that he must first obtain permission from this Court in order to file a second or successive habeas corpus petition.  See 28 U.S.C. § 2244(b)(3)(A).