# MIRELES *v.* WACO

No. 91–311.   Decided October 21, 1991

**PER CURIAM.**

A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages. See, *e. g., Forrester* v. *White,* 484 U. S. 219 (1988); *Cleavinger* v. *Saxner,* 474 U. S. 193 (1985); *Dennis* v. *Sparks,* 449 U. S. 24 (1980); *Supreme Court of Va.* v. *Consumers Union of United States, Inc.,* 446 U. S. 719 (1980); *Butz* v. *Economou,* 438 U. S. 478 (1978); *Stump* v. *Sparkman,* 435 U. S. 349 (1978); *Pierson*

v. *Ray*, 386 U. S. 547 (1967).[1]  Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley* v. *Fisher*, 13 Wall. 335, 347 (1872).

In this case, respondent Howard Waco, a Los Angeles County public defender, filed suit in the United States District Court for the Central District of California under Rev. Stat. § 1979, 42 U. S. C. § 1983, against petitioner, Raymond Mireles, a judge of the California Superior Court, and two police officers, for damages arising from an incident in November 1989 at the Superior Court building in Van Nuys, Cal. Waco alleged that after he failed to appear for the initial call of Judge Mireles' morning calendar, the judge, "angered by the absence of attorneys from his courtroom," ordered the police officer defendants "to forcibly and with excessive force seize and bring plaintiff into his courtroom." App. to Pet. for Cert. B–3, ¶ 7(a).  The officers allegedly "by means of unreasonable force and violence seize[d] plaintiff and remove[d] him backwards" from another courtroom where he was waiting to appear, cursed him, and called him "vulgar and offensive names," then "without necessity slammed" him through the doors and swinging gates into Judge Mireles' courtroom. *Id.*, at B–4, ¶ 7(c).  Judge Mireles, it was alleged, "knowingly and deliberately approved and ratified each of the aforedescribed acts" of the police officers. *Ibid.*  Waco demanded general and punitive damages. *Id.*, at B–5 and B–6.

---

[1] The Court, however, has recognized that a judge is not absolutely immune from criminal liability, *Ex parte Virginia*, 100 U. S. 339, 348–349 (1880), or from a suit for prospective injunctive relief, *Pulliam* v. *Allen*, 466 U. S. 522, 536–543 (1984), or from a suit for attorney's fees authorized by statute, *id.*, at 543–544.

Judge Mireles moved to dismiss the complaint as to him, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), for failure to state a claim upon which relief could be granted. The District Court dismissed the claim against the judge and entered final judgment as to him, pursuant to Rule 54(b), on grounds of "complete judicial immunity." App. to Pet. for Cert. D–2. On Waco's appeal, the United States Court of Appeals for the Ninth Circuit reversed that judgment. *Waco* v. *Baltad*, 934 F. 2d 214 (1991). The court determined that Judge Mireles was not immune from suit because his alleged actions were not taken in his judicial capacity. It opined that Judge Mireles would have been acting in his judicial capacity if he had "merely directed the officers to bring Waco to his courtroom without directing them to use excessive force." *Id.*, at 216. But "[i]f Judge Mireles requested and authorized the use of excessive force, then he would not be acting in his judicial capacity." *Ibid.*

Taking the allegations of the complaint as true, as we do upon a motion to dismiss, we grant the petition for certiorari and summarily reverse.

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell* v. *Forsyth*, 472 U. S. 511, 526 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson* v. *Ray*, 386 U. S., at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also *Harlow* v. *Fitzgerald*, 457 U. S. 800, 815–819 (1982) (allegations of malice are insufficient to overcome qualified immunity).

Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i. e.*, actions not taken in the judge's judicial capacity. *Forrester* v. *White*, 484 U. S., at 227–229; *Stump* v. *Sparkman*, 435 U. S., at 360.

Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.*, at 356–357; *Bradley* v. *Fisher*, 13 Wall., at 351.

We conclude that the Court of Appeals erred in ruling that Judge Mireles' alleged actions were not taken in his judicial capacity. This Court in *Stump* made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." 435 U. S., at 362. See also *Forrester* v. *White*, 484 U. S., at 227–229. A judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge. See generally Cal. Civ. Proc. Code Ann. §§ 128, 177, 187 (West 1982 and Supp. 1991) (setting forth broad powers of state judges in the conduct of proceedings).[2] Waco, who was called into the courtroom for purposes of a pending case, was dealing with Judge Mireles in the judge's judicial capacity.

Of course, a judge's direction to police officers to carry out a judicial order with excessive force is not a "function normally performed by a judge." *Stump* v. *Sparkman*, 435 U. S., at 362. But if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a "nonjudicial" act, because an improper or erroneous act cannot be said to be normally performed by a judge. If judicial immunity means anything, it

---

[2] California Civ. Proc. Code Ann. § 128 (West Supp. 1991) provides in pertinent part: "Every court shall have the power to do all of the following: . . . (5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." See *Ligda* v. *Superior Court of Solano County*, 5 Cal. App. 3d 811, 826, 85 Cal. Rptr. 744, 753 (1970) (public defender is "'ministerial officer'" and one of "'all other persons in any manner connected with a judicial proceeding'" within the meaning of § 128, and may be ordered to appear to assist criminal defendant).

means that a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.*, at 356. See also *Forrester* v. *White*, 484 U. S., at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Accordingly, as the language in *Stump* indicates, the relevant inquiry is the "nature" and "function" of the act, not the "act itself." 435 U. S., at 362. In other words, we look to the particular act's relation to a general function normally performed by a judge, in this case the function of directing police officers to bring counsel in a pending case before the court.

Nor does the fact that Judge Mireles' order was carried out by police officers somehow transform his action from "judicial" to "executive" in character. As *Forrester* instructs, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." 484 U. S., at 229. A judge's direction to an executive officer to bring counsel before the court is no more executive in character than a judge's issuance of a warrant for an executive officer to search a home. See *Burns* v. *Reed*, 500 U. S. 478, 492 (1991) ("[T]he issuance of a search warrant is unquestionably a judicial act").

Because the Court of Appeals concluded that Judge Mireles did not act in his judicial capacity, the court did not reach the second part of the immunity inquiry: whether Judge Mireles' actions were taken in the complete absence of all jurisdiction. We have little trouble concluding that they were not. If Judge Mireles authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction.

The petition for certiorari is granted, and the judgment of the Court of Appeals is reversed.

*It is so ordered.*

14

JUSTICE STEVENS, dissenting.

Judicial immunity attaches only to actions undertaken in a judicial capacity. *Forrester* v. *White*, 484 U. S. 219, 227–229 (1988). In determining whether an action is "judicial," we consider the nature of the act and whether it is a "function normally performed by a judge." *Stump* v. *Sparkman*, 435 U. S. 349, 362 (1978).*

Respondent Howard Waco alleges that petitioner Judge Raymond Mireles ordered police officers "to forcibly and with excessive force seize and bring" respondent into petitioner's courtroom. App. to Pet. for Cert. B–3, ¶ 7(a). As the Court acknowledges, ordering police officers to use excessive force is "not a 'function normally performed by a judge.'" *Ante*, at 12 (quoting *Stump* v. *Sparkman*, 435 U. S., at 362). The Court nevertheless finds that judicial immunity is applicable because of the action's "relation to a general function normally performed by a judge." *Ante*, at 13.

Accepting the allegations of the complaint as true, as we must in reviewing a motion to dismiss, petitioner issued two commands to the police officers. He ordered them to bring respondent into his courtroom, and he ordered them to commit a battery. The first order was an action taken in a judicial capacity; the second clearly was not. Ordering a battery has no relation to a function normally performed by a judge. If an interval of a minute or two had separated the two orders, it would be undeniable that no immunity would attach to the latter order. The fact that both are alleged to

---

*See also *Supreme Court of Va.* v. *Consumers Union of United States, Inc.*, 446 U. S. 719, 736–737 (1980) (judge not entitled to judicial immunity when acting in enforcement capacity); cf. *Mitchell* v. *Forsyth*, 472 U. S. 511, 520–524 (1985) (Attorney General not absolutely immune when performing "national security," rather than prosecutorial, function). Moreover, even if the act is "judicial," judicial immunity does not attach if the judge is acting in the "'clear absence of all jurisdiction.'" *Stump* v. *Sparkman*, 435 U. S., at 357 (quoting *Bradley* v. *Fisher*, 13 Wall. 335, 351 (1872)).

have occurred as part of the same communication does not enlarge the judge's immunity.

Accordingly, I respectfully dissent.

JUSTICE SCALIA, with whom JUSTICE KENNEDY joins, dissenting.

"A summary reversal . . . is a rare and exceptional disposition, 'usually reserved by this Court for situations in which the law is well settled and stable, the facts are not in dispute, and the decision below is clearly in error.'" R. Stern, E. Gressman, & S. Shapiro, Supreme Court Practice 281 (6th ed. 1986) (quoting *Schweiker* v. *Hansen*, 450 U. S. 785, 791 (1981) (Marshall, J., dissenting)). As JUSTICE STEVENS' dissent amply demonstrates, the decision here reversed is, at a minimum, not *clearly* in error.

I frankly am unsure whether the Court's disposition or JUSTICE STEVENS' favored disposition is correct; but I am sure that, if we are to decide this case, we should not do so without briefing and argument. In my view, we should not decide it at all; the factual situation it presents is so extraordinary that it does not warrant the expenditure of our time. I would have denied the petition for writ of certiorari.