101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
MANHATTAN KING DAVID RESTAURANT, INC., Le Sannom Building
Corp.; 255 West 4th St. Realty Corp.; 47-49
Charles Street, Inc.; 209 Holding
Corp.; Joseph Fischer,
Plaintiffs-Appellants,
v.
Hon. Cornelius BLACKSHEAR, Defendant-Appellee.
 No. 95-6377.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANT, FISCHER: Joseph Fischer, pro se, New York, NY.
 APPEARING FOR APPELLEE: Steve Frank, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, D.C.
 S.D.N.Y.
 AFFIRMED.
 Present: CARDAMONE, ALTIMARI, PARKER, Circuit Judges.
 
 
 1
 Joseph Fischer, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Stanton, J.) which dismissed his complaint against Bankruptcy Judge Cornelius Blackshear on the ground of judicial immunity. Fischer and others sued Judge Blackshear charging that Judge Blackshear's conduct in connection with a proceeding in his court gave rise to causes of action under the RICO statute, the civil rights laws, and under the theory of common law barratry. Plaintiffs sought $95 million in damages.
 
 
 2
 In a Memorandum Endorsement dated September 11, 1995, the district court dismissed the complaint on grounds of judicial immunity. The district court held that the allegations in Fischer's complaint did not fall into one of the two exceptions to judicial immunity. As the district court recognized, unless the conduct alleged is non-judicial or is in the clear absence of jurisdiction, judges are absolutely immune from suit. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).
 
 
 3
 Fischer argues on appeal that Judge Blackshear should not enjoy judicial immunity, and that even if his present complaint is inadequate to overcome judicial immunity he should be allowed to replead in order to seek prospective injunctive and declaratory relief. Fischer claims that Judge Blackshear should not be immune from suit because, according to Fischer, Judge Blackshear is not qualified to be a judge. Fischer also emphasizes that Judge Blackshear should have recused himself from presiding over a case in which Fischer was a party because Judge Blackshear had held Fischer in contempt.
 
 
 4
 We agree with the district court that the acts alleged in Fischer's complaint do not fall into either of these exceptions, and affirm for the substantially the same reasons stated in the Memorandum Endorsement of September 11, 1995.
 
 
 5
 We also hold that under the circumstances of this case there is no reason to allow plaintiff to submit additional pleadings to seek equitable remedies. While it is true that judges are not absolutely immune from injunctive relief, Pulliam v. Allen, 466 U.S. 522, 537-38 (1984), Fischer has offered no explanation from which we could infer that equitable remedies could ever be appropriate in the context of this litigation.