Dorothy **GOLDBERG, Individually and as mother and next friend of her minor daughters, Shannon Goldberg and Molly Goldberg; Kelly Herman; Jamie Goldberg; Ryan Goldberg; Sean Goldberg, Plaintiffs–Appellants,**

v.

Timothy **P. MALONEY, Honorable; Andrew Pecchio, Bailiff, Girard Municipal Court; Gary Snyder, Deputy; Thomas Scanlon, Lieutenant; Antho-**

ny Tabachino, Captain; Leonard Sliwinski, Sergeant; Chris Flak, Deputy; James Brown, Deputy; Bruce Trittschuh, Deputy; Fred Deluca, Jr., Deputy; Thomas Degenova, Deputy; Stephen Shimko; Lewis Bonace, Sergeant; Toby Meloro, Sergeant; International Research Group, Inc.; Terry Lyons; Richard N. Rosefelder, Jr., Defendants–Appellees.

No. 01–4019.

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

*ORDER*

Dorothy Goldberg and her children ("the Goldbergs") appeal from a district court judgment that dismissed their civil rights action filed under 42 U.S.C. § 1983. The parties have waived oral argument, and the panel unanimously agrees that it is not needed here. Fed. R.App. P. 34(a).

The Goldbergs are the wife and children of an attorney who was convicted of embezzling money from his former clients in various wrongful death actions. They primarily alleged that a state probate judge exceeded his authority by issuing a prejudgment attachment order and that the other defendants executed this order, even though the Goldbergs' attorney had advised them that it was defective. Thus, they alleged that the defendants violated their rights by ordering and executing the search and seizure of records and personal property from their home, warehouse and business.

The district court dismissed the case on August 28, 2001, noting that the probate judge's general jurisdiction had been upheld by the Ohio Court of Appeals. *See* Fed.R.Civ.P. 12(b)(6); *State ex rel. Goldberg v. Probate Court of Mahoning County*, No. 00–CA–129, 2000 WL 1781746, at *3–5 (Ohio Ct.App. Nov. 14, 2000). The court found that the probate judge was protected by absolute judicial

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

immunity and that the other defendants were entitled to quasi-judicial immunity for carrying out his order. The district court also declined jurisdiction over the Goldbergs' state law claims. The Goldbergs' motion for reconsideration was denied, and they now appeal.

We review the dismissal of this case *de novo*. *See Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir.1994). Dismissal was appropriate because the Goldbergs' claims against the state probate judge were barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). Thus, the other defendants were entitled to quasi-judicial immunity for carrying out his order. *See Alkire v. Irving*, 305 F.3d 456, 469–70 (6th Cir.2002).

> [J]udicial immunity has its limits, in the form of two exceptions. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."

*Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir.2001) (quoting *Mireles*, 502 U.S. at 11–12, 112 S.Ct. 286).

The Goldbergs now argue that judicial immunity does not apply because the state supreme court ultimately held that the probate judge "patently and unambiguously lacked jurisdiction" to issue the prejudgment attachment order in their case. *State ex rel. Goldberg v. Probate Court of Mahoning County*, 93 Ohio St.3d 160, 753 N.E.2d 192, 198 (Ohio 2001). However, the Ohio Supreme Court's finding that a state judge patently and unambiguously lacks jurisdiction is not coextensive with a finding that the judge acted in the complete absence of all jurisdiction. *See Stern*, 262 F.3d at 609 & n. 4.

The district court properly found that the probate judge did not act in the com-

plete absence of all jurisdiction in the case at hand. *See id.* We note that the probate judge had jurisdiction to approve the distribution of the funds that were embezzled. *State ex rel. Goldberg*, 2000 WL 1781746, at *1. He also had jurisdiction to initiate proceedings against any person suspected of concealing or embezzling estate assets. *See* Ohio Rev. Stat. § 2109.50; *State ex rel. Goldberg*, 753 N.E.2d at 196–97. Thus, the probate judge was entitled to judicial immunity because he did not act in the complete absence of all subject matter jurisdiction, even though it was later determined that he had exceeded his authority by entering the prejudgment attachment order. *See Stern*, 262 F.3d at 609–10; *Johnson v. Turner*, 125 F.3d 324, 334–35 (6th Cir.1997).

Accordingly, the district court's judgment is affirmed.