**Peter T. HARRELL, Plaintiff— Appellant,**

v.

**Hugh DOWNER; Patrick Foley, Defendants—Appellees.**

**No. 02–35202.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 20, 2004.

Peter T. Harrell, pro se, Yreka, CA, Bradley J. Woodworth, Esq., Lake James H. Perriguey, Esq., Bradley J. Woodworth & Assoc., Tomas F. Ryan, Esq., Portland, OR, for Plaintiff–Appellant.

Richard D. Wasserman, AAG, Timothy A. Sylwester, Esq., Office of the Attorney General, Julie A. Smith, Esq., Salem, OR, Ryan J. Vanderhoof, Esq., Hornecker, Cowling, Hassen & Heysell, Robert L. Cowling, Hornecker Cowling Hassen, Medford, OR, Anthony S. Ridolfo, Jr.,

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hackman Hulett & Cracraft, LLP, Indianapolis, IN, for Defendants–Appellees.

Before: D.W. NELSON, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM *

Because we may affirm a grant of summary judgment on any basis supported by the record, we may entertain Downer's claim of absolute judicial immunity even though Downer did not appeal the district court's prior denial of absolute immunity.[1] Downer's acts were all in the nature of judicial actions. Under Oregon law, Downer's acts were of the general type a judge may perform, and there was not a clear absence of jurisdiction. Under such circumstances, Downer is entitled to absolute immunity.[2] Harrell's attorney conceded at oral argument that he is no longer pursuing the appeal as to Foley or any other defendants.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Olson v. Morris,* 188 F.3d 1083, 1085 (9th Cir.1999).

2. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); *see also* Or.Rev.Stat. § 137.520(1) (1997).