# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2663

_____

Kenneth C. Tennant,                                         *
                                                            *
        Appellant,                                          *
                                                            *    Appeal from the United States
        v.                                                  *    District Court for the Southern
                                                            *    District of Iowa.
Clifford Anderson, Sued as Officer                          *
Clifford Anderson (#646); Davenport                         *    [UNPUBLISHED]
Police Department; Brian Heyer, Sued                        *
as Brian Heyer, Senior Staff Attorney;                      *
City of Davenport; Scott County;                            *
Dennis Jasper, Sued as Magistrate                           *
Dennis Jasper; Douglas Wells, Sued as                       *
Magistrate Douglas Wells; Christine                         *
Dalton, Sued as District Associate                          *
Judge Christine Dalton; Mark A.                             *
Cleve, Sued as District Associate                           *
Judge Mark A. Cleve; Marlita A.                             *
Greve, Sued as District Associate                           *
Judge Marlita A. Greve,                                     *
                                                            *
        Appellees.                                          *

_____

Submitted: November 23, 2011
Filed:  December 5, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this civil rights action claiming Fourth Amendment and other constitutional violations, Kenneth Tennant appeals the district court's[1] order dismissing some defendants, and the court's order granting summary judgment to the remaining defendants. Upon careful review, this court concludes that the district court properly dismissed Tennant's 42 U.S.C. § 1983 claims against Scott County and several state judicial officers because Tennant did not allege any facts supporting a right to relief against Scott County, and the judicial officers were all entitled to judicial immunity. *See* 42 U.S.C. § 1983 (in any action brought against judicial officer for act or omission taken in officer's judicial capacity, injunctive relief shall not be granted unless declaratory decree was violated or declaratory relief was unavailable); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (factual allegations must be enough to raise right to relief above speculative level, and should put defendant on notice of nature of claim and its grounds); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judge is immune from suit for damages unless actions were non-judicial or taken in complete absence of all jurisdiction); *see also Detroit Gen. Ret. Sys. v. Medtronic, Inc.*, 621 F.3d 800, 804-05 (8th Cir. 2010) (Fed. R. Civ. P. 12(b)(6) dismissal reviewed de novo).

This court also concludes that the district court properly granted summary judgment on Tennant's section 1983 claims against Clifford Anderson, the Davenport Police Department, the City of Davenport, and Brian Heyer. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (local government body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom); *Yellow Horse v. Pennington Cnty.*, 225 F.3d 923, 927 (8th Cir. 2000) (when qualified immunity is claimed, it is plaintiff's burden to show that material fact or question of law precludes summary judgment; to prevail, plaintiff must establish violation of clearly established constitutional right, and that no genuine issues of material fact exist as to whether reasonable official knew her actions amounted to

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

constitutional violation); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutor acting as advocate for state in criminal prosecution is entitled to absolute immunity); *see also Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 514 (8th Cir. 2011) (summary judgment decision reviewed de novo, viewing record in light most favorable to non-moving party).

Finally, this court concludes that Tennant failed as a matter of law to assert a claim against any of the defendants under 42 U.S.C. §§ 1985, 1986, or 1988. *See Habhab v. Hon*, 536 F. 3d 963, 969 (8th Cir. 2008) (§ 1985 conspiracy claim requires evidence of specific facts reflecting meeting of minds among conspirators); *Barstad v. Murray Cnty.*, 420 F.3d 880, 887 (8th Cir. 2005) (valid § 1985 claim is § 1986 claim requirement); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979) (per curiam) (§ 1988 is intended to provide counsel fees to prevailing parties, not to compensate pro se litigants).

This court affirms. *See* 8th Cir. R. 47B.

_____