NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0621n.06

No. 11-6337

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| LONNIE B. DAVIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| SAMUEL H. MAYS, JR., Judge, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

**PER CURIAM.** Lonnie B. Davis, a *pro se* federal prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Davis' civil rights action involves a prior criminal case in which he pled guilty to escape. *See* 18 U.S.C. § 751(a). Judge Samuel L. Mays, Jr., sentenced Davis to thirty-seven months of imprisonment and two years of supervised release for that offense. Davis subsequently violated the terms of his supervised release. Judge Mays revoked Davis' supervised release in 2009 and imposed an additional term of imprisonment.

In his complaint, Davis alleged that Judge Mays violated his rights by failing to recuse himself and by failing to remove the attorney who was appointed to represent Davis in the revocation

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

proceeding. The district court dismissed the complaint. Davis has moved for the appointment of counsel on appeal.

We review the district court's judgment *de novo*. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The district court properly dismissed Davis' complaint because Judge Mays is entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12–13 (1991). A habeas corpus petition under 28 U.S.C. § 2241, or motion to vacate sentence under 28 U.S.C. § 2255, are the appropriate actions for Davis to use to challenge his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Davis argues that the district court abused its discretion because it did not allow him to file an amended complaint. A district court has no discretion to allow amendment of a complaint to avoid the dismissal of a case under the Prison Litigation Reform Act. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The district court's judgment is affirmed and the motion for the appointment of counsel is denied.