FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KIRK MCDONALD,

     Plaintiff-Appellant,

v.

THE STATE OF COLORADO;
HONORABLE R. THOMAS
MOORHEAD; HONORABLE
SHEILA A. RAPPAPORT,

     Defendants-Appellees.

No. 12-1488
(D.C. No. 1:12-CV-02681-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Kirk McDonald thought his bank cheated him out of his retirement savings
and sued the bank in Colorado state court to get it back. Now unhappy with the
progress of that lawsuit, he has filed another, this one in federal court against the
two state court judges he says aren't moving quickly enough to resolve his case.

---

[*] After examining the appellant's brief and the appellate record, this panel
has determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the district court dismissed his federal lawsuit, Mr. McDonald brought this appeal, arguing the district court misapplied the doctrines of judicial and Eleventh Amendment immunity.

The difficulty is, Mr. McDonald neglects to mention the primary reason the district court dismissed his lawsuit. Because the state court proceedings Mr. McDonald complained of were — and as far as we know still are — ongoing, the district court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). The district noted, too, that the state courts of Colorado provide an adequate forum for Mr. McDonald to litigate his complaints about the progress of his suit. Mr. McDonald's appellate brief nowhere mentions let alone disputes any of the district court's *Younger* analysis, even when read with the solicitude we owe *pro se* litigants. With the district court's abstention ruling unchallenged, Mr. McDonald cannot prevail on this appeal. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004).

To be sure, Mr. McDonald has much to say about the district court's alternative holding that the defendants are immune from suit. But even here we discern no error in the district court's reasoning or result. Mr. McDonald's allegation that his state court judges have acted in bad faith and in violation of Colorado law aren't enough to overcome their absolute immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (per curiam). Neither does Mr. McDonald have any convincing argument that Colorado waived its Eleventh

Amendment immunity. Mr. McDonald points to the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101 *et seq.*, but this court has long held that statute "does not effect a waiver of the state's constitutional immunity to suit in federal court." *Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988).

The judgment of the district court is affirmed. Mr. McDonald's motion for leave to proceed *in forma pauperis* is denied. The unpaid balance of the filing fee should be paid immediately.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge