**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOANITA ADAMS, | No. 12-35376 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00995-RSL |
| v. | |
| CITY OF FEDERAL WAY, and its Police Department and its Municipal Court Cooperation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Loanita Adams appeals pro se from the district court's judgment in her 42

U.S.C. § 1983 action alleging constitutional and state law violations in connection

with her arrest and trial following an altercation with her daughter. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (dismissal for failure to state a claim); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted summary judgment on Adams's claims against Judge Larson and prosecuting attorneys Duclos and Arthur because Adams failed to raise a genuine dispute of material fact as to those defendants' immunity from liability. *See Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (per curiam) (judges are absolutely immune from suits for damages based on their judicial conduct except when performing nonjudicial functions or acting in the complete absence of jurisdiction); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

The district court properly granted summary judgment on Adams's state law claims against Officers Schmidt and Sant because Adams failed to raise a genuine dispute of material fact as to those defendants' immunity from liability under state law. *See* Wash. Rev. Code § 10.31.100(2)(c) (requiring an arrest if an officer has probable cause to believe that a person has assaulted a family or household member); *id.* § 10.31.100(13) ("No police officer may be held criminally or civilly

liable for making an arrest pursuant to subsection (2) . . . of this section if the police officer acts in good faith and without malice.").

The district court properly dismissed Adams's Fourth Amendment claim against Officers Schmidt and Sant because Adams failed to allege facts demonstrating that Schmidt and Sant lacked probable cause to arrest her. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

The district court properly dismissed Adams's claims against the City of Federal Way because Adams failed to allege facts demonstrating that defendants' actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City, or that any deprivation was inflicted "pursuant to governmental 'custom.'" *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

**AFFIRMED.**