**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2077
_____

ROBERT MCCANN,

Appellant

v.

THE BOROUGH OF MAGNOLIA; BETTY ANN COWLING-CARSON,
HONORABLE MAYOR, BORO OF MAGNOLIA (PERSONALLY AND IN HER
OFFICIAL CAPACITY); JOHN EVANS, CHIEF OF POLICE, BORO OF MAGNOLIA
(PERSONALLY AND IN HIS OFFICIAL CAPACITY); OFFICER  SHERMAN,
PATROLMAN, BORO OF MAGNOLIA (PERSONALLY AND IN HIS OFFICIAL
CAPACITY); HON. DANIEL BERNARDIN, MUNICIPAL COURT JUDGE, BORO
OF MAGNOLIA (PERSONALLY AND IN HIS OFFICIAL CAPACITY); HOWARD
LONG, PROSECUTOR, BORO OF MAGNOLIA (PERSONALLY AND IN HIS
OFFICIAL CAPACITY)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 14-cv-00170)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2014
Before:  CHAGARES, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 5, 2014)

_____

_____

PER CURIAM

Robert McCann, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm.

In January 2013, McCann returned to his apartment in Magnolia, New Jersey, to discover that he had been evicted. McCann contacted the Magnolia Police Department, which denied his request to file a complaint. He also complained to Magnolia's Mayor and Borough Counsel. Two weeks later, McCann was permitted to return to the apartment, but several items of personal property were damaged or missing. McCann filed a complaint with the Borough of Magnolia Municipal Court, which concluded that there was "no probable cause to sustain the charges."

Approximately one year later, McCann filed a complaint in the District Court, alleging violations of his due process and equal protection rights. He named as defendants the Borough of Magnolia, its Mayor, the Chief of Police and a police officer, a Municipal Court judge, and the Borough prosecutor. The District Court reviewed the compliant pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed it sua sponte for failure to state a claim, and concluded that amendment of the complaint would be futile. McCann filed a timely notice of appeal.

---

[*] The disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a complaint is subject to dismissal, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

The District Court properly dismissed McCann's complaint. Relief may not be granted on McCann's claim that a police officer improperly denied his request to file a criminal complaint and failed to investigate his eviction. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (holding that "[t]here is no statutory or common law right, much less a constitutional right, to an investigation."). Because no claim against the police officer survives, and because he does not allege their direct involvement, McCann cannot maintain claims against the Borough, its Mayor, and the Chief of Police. See Williams v. West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (stating that "West Chester cannot be vicariously liable . . . unless one of West Chester's employees is primarily liable under

3

section 1983 itself."); <u>Brockinton v. City of Sherwood, Ark.</u>, 503 F.3d 667, 673 (8th Cir. 2007) (holding that plaintiff's failure-to-train claim failed because facts did not establish an underlying constitutional violation). Moreover, the judge and the prosecutor are immune from McCann's suit for damages because their alleged actions were performed solely in their judicial and prosecutorial capacities. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991) (per curiam) (holding that judicial officers have absolute immunity from suit when acting within their official capacities); <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (stating that prosecutorial immunity bars suit against district attorneys for their decision to initiate a prosecution). Finally, in light of the nature of the factual allegations set forth in McCann's complaint, we further conclude that the District Court did not abuse its discretion in determining that allowing him leave to amend his complaint would have been futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the District Court's order.