**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2809
_____

EUGENE E. CHATMAN,
Appellant

v.

WESTERN MANOR APT;
DORNISH LAW OFFICES P.C.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-00810)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Eugene E. Chatman appeals the order of the United States District Court for the Western District of Pennsylvania dismissing his complaint for failure to state a claim. We will affirm.

In June 2015, Chatman filed a handwritten pro se complaint along with a motion to proceed in forma pauperis. The District Court granted the in forma pauperis motion. Because the facts alleged in the complaint appeared to duplicate those alleged in prior complaints that had been dismissed as frivolous, the District Court notified Chatman that the court was inclined to dismiss the case under 28 U.S.C. § 1915(e). However, the District Court provided Chatman with an opportunity to amend the complaint to present a meritorious claim. Chatman filed an amended complaint. Upon review of the allegations in the amended complaint, the District Court concluded that sua sponte dismissal for failure to state a claim was warranted, and that further amendment of the complaint would be futile. Chatman filed a timely notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a complaint is subject to dismissal, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

2

Chatman's original complaint contained the allegations that "the property manager was harassing the plaintiff" and that a certain money order was missing from his account. Attached as exhibits were documents relating to an evidently unsuccessful state court action against Defendant Western Manor Apartments. In his two-paragraph amended complaint, Chatman alleged that he is a veteran of the Korean War and cancer patient, and that he cannot afford to hire an attorney. Chatman's amended complaint also included references to his other court cases, as well as "harassment and abuse of government patient (never compensated")" and "harassment and abuse of senior citizen." As recognized by the District Court, federal courts must liberally construe the factual allegations in a pro se complaint. See Erikson v. Pardus, 551 U.S. 89, 94 (2007). However, with these bare allegations, Chatman has neither expressed how the defendants violated his federal rights nor identified any causes of action against them. Therefore, we conclude that the District Court properly dismissed the action for failure to state a claim, as allowing Chatman an additional opportunity to amend his complaint would have been futile.

Finally, we add that Chatman's notice of appeal contains a statement in which he asserts, "The violation of federal rights by government officials acting under color of law is actionable via § 1983," and concludes, "There's a serious violation of law in terms of the legal procedure." (Notice of Appeal, unnumbered page 4 (emphasis in the original).) The notice of appeal also contains references to his state court action against Western Manor Apartments. Portions of the notice of appeal appear to contain material outside of

3

the record on appeal.  However, to the extent that Chatman is now belatedly attempting to amend his complaint by alleging claims against the judges who ruled against him in his cases, we note that judges are immune from suit based on actions performed solely in their judicial capacities.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Thus, even if these allegations had been considered below, the result would remain the same, as further allowance to amend his complaint to add these claims against the judges would be futile.

For these reasons, we will affirm the District Court's order.