**Opinion issued October 25, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00857-CV

———————————

## GARY MACHETTA, Appellant

## V.

## THE HONORABLE LISA A. MILLARD, 310TH DISTRICT COURT JUDGE, Appellee

---

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2017-23108

---

## MEMORANDUM OPINION

Appellant Gary Machetta filed the present lawsuit against Judge Millard, asserting that her rulings in his custody proceeding violated his rights. Judge Millard sought dismissal of Machetta's claims under the doctrine of judicial immunity. The trial court granted the motion to dismiss, and Machetta appealed.

Because Judge Millard is immune from this lawsuit, we affirm.

## Background

Machetta is the biological father of two minor daughters, who were aged 12 and 14 at times relevant to the underlying custody suit. He and his ex-wife were joint managing conservators of the children. Before the underlying custody battle at issue, Machetta lived with his new wife, his stepdaughter, and his 21-year-old stepson.

When Machetta's 14-year-old daughter said that Machetta's stepson had been sexually abusing her, the girl's mother (Machetta's ex-wife) obtained a temporary restraining order to prevent Machetta from exercising his extended period of summer possession of the children. The court later held a bench trial, after which Judge Millard limited Machetta's visitation to supervised visits.

Machetta then filed this separate lawsuit against Judge Millard, asserting that the orders she entered in the custody dispute violated his rights under the Texas Religious Freedom Restoration Act. He argued that the restricted, supervised visitation infringed upon his ability to transmit his religion to his children and to pray as a family unit.

Judge Millard filed a motion to dismiss under Rule 91a based on the doctrine of judicial immunity. The trial court granted the motion and Machetta appealed.

**Analysis**

Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240–41 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. The court considers solely "the pleading of the cause of action, together with any pleading exhibits," and it does not consider any other part of the record. TEX. R. CIV. P. 91a.6; *see In re Guardianship of Peterson*, No. 01-15-00567-CV, 2016 WL 4487511, at *6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.); *Guillory*, 470 S.W.3d at 241. We review a dismissal under Rule 91a de novo. *Guillory*, 470 S.W.3d at 241.

It has been well-settled for centuries that, subject to limited exceptions, judges are immune—from suit and liability—for actions performed in their judicial capacity.[1] *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (citing U. S. Supreme Court authority from 1872 through 1988); *Dallas Cty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *James v. Underwood*, 438 S.W.3d 704, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet.). "[I]t is a general principle of the highest

---

[1] This has been a fundamental principle of law for more than 400 years. *Bradley v. Fisher*, 80 U.S. 335, 347 (1871) (noting that this rule was recorded as early as 1608).

importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *James*, 438 S.W.3d at 709 (quotation omitted). A judge will not be deprived of immunity because a judicial action was erroneous or misguided.[2] *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Alpert v. Gerstner*, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Immunity deprives a trial court of subject-matter jurisdiction over a suit against a judge. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *James*, 438 S.W.3d at 709. The judge is immune from suit—not just immune from damages. *Reata Constr. Corp.*, 197 S.W.3d at 374; *James*, 438 S.W.3d at 709.

There are two exceptions to judicial immunity. First, a judge is not immune for actions taken in the "complete absence of all jurisdiction." And second, a judge is not immune for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *See Mireles*, 502 U.S. at 11–12, 112 S. Ct. at 288. We determine whether

---

[2] *See also Bradley*, 80 U.S. at 348 ("If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away.").

a judge's action is "judicial" by considering whether (1) the act complained of is one normally performed by a judge, (2) the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers, (3) the controversy centered on a case pending before the judge, and (4) the act arose out of an exchange with the judge in the judge's judicial capacity. *James*, 438 S.W.3d at 709; *see Bradt v. West*, 892 S.W.2d 56, 67 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

Neither exception to judicial immunity applies here. The challenged actions fell within Judge Millard's jurisdiction. Even Machetta admits, in his original petition, that he moved in Judge Millard's court to modify the parent-child relationship and for injunctive relief. He acknowledged that her court was "the court with continuing jurisdiction." *See James*, 438 S.W.3d at 712 ("In determining whether an act was clearly outside a judge's jurisdiction for judicial immunity purposes, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case.") (quotation omitted).

Moreover, Machetta's claims against Judge Millard stem from actions taken, in her judicial role, in the custody suit before her. *See id.* at 709; *Bradt*, 892 S.W.2d at 67. In particular, Machetta challenges the following specific actions and rulings: (1) an emergency TRO signed on July 5, 2016 by Judge Millard's associate judge, Judge Moren; (2) an August 9, 2016 injunction prohibiting

5

Machetta from allowing his daughters to be in the same residence or premises as his stepchildren "thus prohibiting the family from praying together as a family unit"; (3) Judge Millard's October 27, 2016 "oral no contact order," which restricted him "from any possession or access to his children"; (4) a temporary order dated January 19, 2017 permitting Machetta supervised visits with his daughters; (5) temporary orders signed on January 24, 2017; (6) Judge Millard's failure to rule on motions that Machetta filed in the custody suit; (7) the bench trial conducted by Judge Millard; and (8) the final orders that Judge Millard signed on March 7, 2017. These are all functions normally performed by a judge, concerning a case pending before the judge, taken in the judge's judicial capacity. *See James*, 438 S.W.3d at 710.

Judge Millard is immune from this lawsuit arising from her judicial actions, performed within her jurisdiction.[3] Accordingly, Machetta's allegations, taken as true, together with inferences reasonably drawn from them, do not entitle him to the relief sought. *See* TEX. R. CIV. P. 91a.1. The trial court properly dismissed Machetta's claims against Judge Millard. *See id.*; *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288; *Halsey*, 87 S.W.3d at 554; *James*, 438 S.W.3d 709.

---

[3]     There are proper ways to challenge decisions made by a judge in her judicial capacity, in a case in which she has jurisdiction. *See* TEX. FAM. CODE § 109.002 (governing appeals from final orders in suits affecting the parent-child relationship). But this is not a viable way for Machetta to bring his challenges.

## Conclusion

None of Machetta's issues on appeal establish that the doctrine of judicial immunity does not apply in this case. *See* TEX. R. APP. P. 47.1. We affirm the trial court's judgment. We dismiss all pending motions as moot.


Jennifer Caughey
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.