DLD-237                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4342
_____

GABRIEL PITTMAN,
                                          Appellant

v.

JAMES B. MARTIN, ESQ.;
DOUGLAS REICHLEY, ESQ.;
STEVEN M. LUKSA, ESQ., ET AL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-13-cv-05632)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014
Before:  SMITH, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se litigant Gabriel Pittman appeals the District Court's order dismissing his

complaint under 28 U.S.C. § 1915(e) with prejudice.  We have jurisdiction under 28

U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons set forth below, we will summarily affirm the District Court's judgment.

Pittman initiated this action by filing a complaint under 42 U.S.C. § 1983 in the District Court. In the complaint, he alleged that he has been unlawfully imprisoned because the criminal information against him was wrongfully amended in 1998 proceedings in the Lehigh County Court of Common Pleas. He named as defendants the Lehigh County District Attorney; the Lehigh County District Attorney's Office; the Lehigh County Public Defender's Office; Lehigh County; the Lehigh County Court of Common Pleas; two assistant district attorneys; four defense attorneys; two judges of the Lehigh County Court of Common Pleas; and a judge of the United States District Court for the Eastern District of Pennsylvania. Pittman requested $100 million in compensatory damages and $100 million in punitive damages from each defendant, plus fees and costs. He further requested a declaratory judgment acknowledging that he was wrongfully imprisoned. Pittman also moved to amend his complaint to include several state-law claims.

The District Court dismissed the complaint with prejudice, citing the immunity of all defendants from Pittman's § 1983 claims. Pittman then filed a timely notice of appeal to this Court.

The District Court's disposition of this case was correct. Judges are generally immune from suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991). If the

actions underlying the complaint were judicial and were not performed "in the complete absence of all jurisdiction," then this immunity is absolute, regardless of whether the judicial acts were malicious, corrupt, or wrong. Id. at 11-13. The judges' acts to which Pittman points — permitting the amendment of criminal information, sentencing a defendant, and dismissing motions and petitions — are prototypical judicial acts, inherent to the process of adjudication. See, e.g., Barrett v. Harrington, 130 F.3d 246, 255, 257 (6th Cir. 1997) (acts of adjudication, including the rendering of judgments and orders, are judicial acts); Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (ordering a defendant to prison is a paradigm judicial act); Johnson v. Kegans, 870 F.2d 992, 997 (5th Cir. 1989) (sentencing is a judicial act). The record does not demonstrate that these acts were performed in the complete absence of all jurisdiction. The judges are thus immune to Pittman's § 1983 claims for damages.

Likewise, prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). The acts of which Pittman complains vis-à-vis the prosecutors – namely, that they amended the criminal information and prosecuted the case against him – fit squarely within the realm of official prosecutorial duties. See id. at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity). The prosecutor defendants therefore enjoy immunity from § 1983 liability for those acts.

3

Pittman's § 1983 claims against the defense attorneys are also unavailing. Public defenders do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding. Consequently, they cannot be sued for such actions under § 1983. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). While they could nonetheless be liable under § 1983 if they conspired with a state actor to deprive Pittman of federal rights — see Tower v. Glover, 467 U.S. 914, 916 (1984) — Pittman has presented only conclusory allegations of conspiracy, which are insufficient from a pleading perspective. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178-79 (3d Cir. 2010) (conclusory allegations of an agreement do not meet the pleading standards; instead, specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy are required). Because Pittman failed to plead conspiracy with the necessary particularity, his claim cannot support liability for the defense attorney defendants under § 1983.

Pittman's claims against the Lehigh County Court of Common Pleas are equally ineffective, because the Eleventh Amendment shields it from liability to suits brought in federal court. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1, 241 (3d Cir. 2005). Similarly, his claims against Lehigh County cannot stand. A municipality may be sued under § 1983 only when its execution of a government policy or custom injures the plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Beyond the occasional and bare recitation of the words "custom and/or policy," the complaint failed

to allege governmental action on anyone other than Pittman.  Because this demonstrates neither custom nor policy on the part of Lehigh County, his § 1983 claim against it fails. Cf. id. (New York City Board of Education policy compelling all pregnant employees to take unpaid leaves of absence before they were medically required constitutes a custom or policy that could trigger liability under § 1983).

In addition to his claims as to each defendant, Pittman seems to make a general claim of wrongful imprisonment.  To the extent that Pittman seeks money damages for that claim, it is barred by the immunity each defendant enjoys.  And to the extent that Pittman seeks equitable relief affecting his continued incarceration, he has no claim under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." (emphasis added)).

Lastly, Pittman moved to amend his complaint to include various state-law claims for the same underlying acts.  We interpret the District Court's silence on the state-law claims in its opinion to mean that it declined to exercise supplemental jurisdiction over them.  Given the fate of Pittman's § 1983 claims discussed above, declining to exercise supplemental jurisdiction was not error.  See 28 U.S.C. 1367(c)(3).

Accordingly, we will summarily affirm the District Court's order dismissing Pittman's complaint under 28 U.S.C. § 1915(e).  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

5