**Nathanael Lenard REYNOLDS, Appellant**

v.

**Shiva V. HODGES, Magistrate Judge, et al., Appellees**

**No. 16-5152.**
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed: 12/08/2016

**1:16-cv-00895-UNA**

Nathanael Lenard Reynolds, Pro Se.

Warden (Charleston), Charleston County Detention Center, SC State Prison, Charleston, SC, for Plaintiff–Appellant.

Michael Posner, R. Craig Lawrence, U.S. Attorney's Office (USA), Appellate Division, Washington, DC, for Defendants–Appellees.

BEFORE: Tatel and Millett, Circuit Judges, and Ginsburg, Senior Circuit Judge

**ORDER**

Per Curiam

Upon consideration of appellant's letter to the court filed October 7, 2016, which has been docketed as a motion for injunctive relief, and the opposition thereto; the motion for summary affirmance, the opposition thereto, the reply, and the supplement to the opposition; and the motion for intervention by the United States Attorney General, it is

**ORDERED** that the motion for injunctive relief be denied. The prison officials are not parties to this case, and, in any event, appellant does not specify the nature of the relief he seeks. It is

**FURTHER ORDERED** that the motion for intervention be denied. Appellant has not demonstrated the requested relief is warranted. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly determined that appellees are entitled to judicial immunity from appellant's claim for damages. See Mireles v. Waco, 502 U.S. 9, 12–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Any claims for injunctive or declaratory relief were properly dismissed as well. See 28 U.S.C. § 1915A(b). Moreover, to the extent appellant sought review of orders issued by appellees, the district court correctly determined it lacked jurisdiction to grant the requested relief. See 28 U.S.C. § 1291 (jurisdiction over appeals from final decisions of district courts lies in the courts of appeals).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.