**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7751**

KIM RAGLAND,

                    Plaintiff - Appellant,

        v.

JUDGE JOHN DOE, Warren County Superior Court; JOSHUA STEIN, North Carolina Attorney General; MICHAEL WATERS, Warren County District Attorney; JOHN DOE, District Attorney; MARCUS WEST, Detective; WARREN COUNTY POLICE DEPARTMENT,

                    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-ct-03052-FL)

Submitted:  May 26, 2020                    Decided:  June 22, 2020

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kim Ragland, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kim Ragland appeals the district court's order dismissing his 42 U.S.C. § 1983 (2018) complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) (2018). Based on our review of the record, we affirm.

We review de novo the dismissal of an action under 28 U.S.C. § 1915(e), accepting all well-pleaded facts as true. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). On appeal, Ragland argues that the district court erred in dismissing his claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as he was never convicted of the larceny charges in Warren County, North Carolina. Taking judicial notice of Ragland's North Carolina Offender Record, it does not appear that he was ever convicted of any charges in Warren County, and we agree that his claims do not appear to be barred by *Heck*.

We nonetheless conclude that Ragland is not entitled to relief. As found by the district court, the Warren County Sheriff's Department is not an entity capable of being sued under § 1983. *See Smith v. Munday*, 848 F.3d 248, 256 (4th Cir. 2017) ("Under North Carolina law, police departments cannot be sued as entities."). Judge John Doe is entitled to absolute judicial immunity for any actions taken in his judicial capacity, *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), and Warren County District Attorney Michael Waters, North Carolina Attorney General Joshua Stein, and District Attorney John Doe are all entitled to absolute prosecutorial immunity for their actions in initiating criminal proceedings against Ragland, *see Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017).

2

Ragland's remaining claims are against Detective Marcus West. As found by the district court, Ragland's claim of false arrest fails as a matter of law. We have held that "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Additionally, although Ragland alleges that West presented false testimony before the grand jury, the Supreme Court has held that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). Furthermore, "this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.*

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*