**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOM MARK FRANKS, | No. 20-17497 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00551-DAD-BAM |
| v. | |
| R. C. JOHNSON, Warden, Lancaster State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

California state prisoner Tom Mark Franks appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim

under 28 U.S.C. § 1915A(a).  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2011).  We affirm.

The district court properly dismissed Franks's action because defendant Judge Cordova is protected by judicial immunity, defendant Scheid did not act under color of state law, and defendant Johnson was not linked to any of the allegations.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and its limited exceptions); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a defendant must perform or omit to perform an act which he is legally required to do to be liable under 42 U.S.C. § 1983).

**AFFIRMED.**