**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-3010

———————

JESSE D. BOND,

Appellant

v.

SCOTT DICLAUDIO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-02812)
District Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2023

Before:  AMBRO*, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: February 14, 2023)

———————

OPINION**

———————

_____

*Judge Ambro assumed senior status February 6, 2023.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Jesse Bond, an inmate in state prison proceeding pro se and in forma pauperis, appeals from the District Court's sua sponte dismissal with prejudice of his complaint. We will summarily affirm.

In his complaint, Bond, proceeding in forma pauperis, sued the Honorable Scott DiClaudio, a Philadelphia Court of Common Pleas judge, pursuant to 42 U.S.C. § 1983. Bond alleged that Judge DiClaudio violated the Fifth and Fourteenth Amendments and committed usurpation and treason because he dismissed Bond's state Post Conviction Relief Act ("PCRA") petition as untimely despite a lack of subject matter jurisdiction. Dkt. No. 1 at 1, 4-6; see Commonwealth v. Bond, No. 939 EDA 2022, 2023 WL 153154, at *3 (Pa. Super. Ct. Jan. 11, 2023) (affirming the dismissal). He sought declaratory relief and compensatory and punitive damages. Dkt. No. 1 at 8-9.

The District Court screened Bond's complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it with prejudice for failure to state a claim, concluding that Judge DiClaudio is protected by judicial immunity and the requested declaratory relief is unavailable. Dkt. No. 9 at 4-6. Bond filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of the complaint. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court was correct to dismiss the claims against Judge DiClaudio because the acts that Bond described were taken in Judge DiClaudio's judicial capacity.

2

Bond did not plausibly allege that Judge DiClaudio acted outside his jurisdiction in presiding over and ruling on his PCRA petition, as the District Court explained. Therefore, Judge DiClaudio is entitled to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (explaining that judges are not civilly liable for judicial acts); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that judicial immunity is only overcome for nonjudicial actions or for judicial actions taken in the complete absence of jurisdiction).[1]

The District Court also did not abuse its discretion in concluding that amendment is futile because Bond is unable to cure the deficiencies of his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002).

Accordingly, we will affirm the judgment of the District Court.

---

[1] The District Court also properly concluded that the declaratory relief that Bond requested, for conduct that occurred in the past, is not available. Declaratory relief is "prospective in nature," CMR D.N. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013), and Bond sought retrospective relief, see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 50 U.S. 139, 145-46 (1993).