**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2661

———————

CHAD BATTERMAN,
                              Appellant

v.

HENRY HILLES, III;
JUDGE HENRY HILLES, III

————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-02431)
District Judge:  Honorable Gerald J. Pappert

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: February 9, 2024)

———————

OPINION[*]

———————

PER CURIAM

Appellant Chad Batterman alleges in his Complaint pursuant to 42 U.S.C. § 1983

that Defendant Henry Hilles III, a Pennsylvania judge sitting on the Montgomery County

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court of Common Pleas, denied him his constitutional rights while deliberating on a "protracted, tortuous custody battle" between Batterman and his estranged wife. Batterman v. Santo, 285 A.3d 956 (Pa. Super. Ct. 2022) (non-precedential). Batterman alleges that Judge Hilles took on the role of advocate in favor of Batterman's wife, and engaged in other improper conduct while acting as a judge. He sued Judge Hilles in both his official and individual capacities. Upon review under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court dismissed Batterman's Complaint and did not grant leave to amend due to the futility of doing so. Batterman timely filed an appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court's disposition of this case. Judge Hilles is protected by judicial immunity from damages liability, see Stump v. Sparkman, 435 U.S. 349, 355–56 (1978), as the actions described in the Complaint were all "function[s] normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (quotation marks omitted). Since Judge Hilles did not act "in the complete absence of all jurisdiction," he retains judicial immunity. Id. (quoting Mireles v. Waco, 502 U.S. 9, 12 (1991)).

2

In his brief, Batterman argues that Judge Hilles exceeded the bounds of normal judicial conduct, and engaged in the role of advocate on behalf of Batterman's wife by excessively questioning the litigants. But a family court judge is required "to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself," Lewis v. Lewis, 406 A.2d 781, 784 (Pa. Super. Ct. 1979), which would require asking questions of the parents so as to ascertain the best interests of the child to the best of the judge's ability. See generally 23 Pa. Cons. Stat. § 5328(a). In these circumstances, and even accepting Batterman's allegations, we are satisfied that Judge Hilles is protected by judicial immunity. See Gallas, 211 F.3d at 769.

Furthermore, with respect to the claims presented against Judge Hilles in his official capacity, he shares in Pennsylvania's sovereign immunity under the Eleventh Amendment because, as a judge, he is an arm of the state. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005); see generally A.W. v. Jersey City Pub. Sch., 341 F.3d 234, 238 (3d Cir. 2003). Additionally, since Batterman did not allege that a declaratory decree was violated or that declaratory relief was unavailable, his claims for injunctive relief are barred. 42 U.S.C. § 1983. Finally, the Rooker-Feldman doctrine prohibits Batterman, to the extent that he is attempting to do so, from "inviting district court review and rejection" of any final judgment that allegedly injured him and was rendered in state court before the district court proceedings began. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 458–61 (3d Cir. 2019).

3

For these reasons, dismissal of Batterman's claims was warranted, as was the decision to deny leave to amend. Accordingly, we will affirm the judgment of the District Court. We also grant Judge Hilles' motion for leave to file a supplemental appendix.