**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1245

———————

WALTER A. BERNARD; WYNTON BERNARD,
Appellants

v.

PHILIP A. IGNELZI, in his official and individual capacity; ALLEGHENY COUNTY;
ORLANDO HARPER; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4;
JOHN DOE 5; JOHN DOE 6; JOHN DOE 7; MARY C. MCGINLEY; JOHN DOE 8;
JOHN DOE 9; JOHN DOE 10; JOHN DOE 11; JOHN DOE 12; JOHN DOE 13; JOHN
DOE 14; JOHN DOE 15; JOHN DOE 16; JOHN DOE 17; JOHN DOE 18; JOHN DOE
19; JOHN DOE 20; ALLEGHENY COUNTY SHERIFF'S OFFICE; ALLEGHENY
COUNTY JAIL

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:23-cv-01463)
District Judge: Honorable William S. Stickman, IV

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2025

———————

Before: KRAUSE, PHIPPS, and CHUNG, <u>Circuit Judges</u>

(Filed: December 31, 2025)

———————

OPINION[*]

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

CHUNG, Circuit Judge.

Walter A. Bernard and Wynton A. Bernard brought this action against various defendants, including the Honorable Philip Ignelzi, in both his official and individual capacities. The nineteen claims listed in the Second Amended Complaint ("Complaint") revolve around state court proceedings against the Bernards, presided over in part by Judge Ignelzi. The District Court concluded that Judge Ignelzi had absolute judicial immunity as to the individual-capacity claims and dismissed them. The Bernards appeal. For the reasons that follow, we will affirm the judgment of the District Court.

I.     BACKGROUND[1]

In July 2020, 9795 Perry Highway Management, Inc. ("Landlord") filed in the Allegheny County Court of Common Pleas a complaint in confession of judgment against the Bernards as guarantors for rent on a property leased by the Bernards' business. The Bernards unsuccessfully petitioned to open or strike the judgment by confession. The Bernards then appealed to the Pennsylvania Superior Court,[2] and subsequently petitioned for allowance of appeal with the Pennsylvania Supreme Court[3] ("First Appeal"). Both appellate courts denied relief and reconsideration.

While the First Appeal was proceeding, Landlord served discovery requests on the

---

[1]     Because we write for the parties, we recite only the facts pertinent to our decision.

[2]     926 WDA 2021.

[3]     179 WAL 2022.

Bernards in aid of executing the judgment. On March 29, 2023, Plaintiffs filed another appeal to the Superior Court ("Second Appeal").[4] This appeal challenged a March 21, 2023 Order which provided, among other things, that discovery proceedings would continue. On May 16, 2023, the Superior Court issued an order to show cause why the March 21, 2023 Order qualified as an appealable collateral order. On June 2, 2023, the Superior Court quashed the appeal for the Bernards' failure to respond to the show cause order, and on June 23, 2023, the Superior Court denied reconsideration.

Meanwhile, when the Bernards did not comply with discovery requests, Landlord successfully moved multiple times to compel and for sanctions. The last of these motions was granted by Judge Ignelzi on April 27, 2023, before the Second Appeal was quashed. The April 27, 2023 Order provided that the Bernards should comply with discovery requests, and that "[f]ailure to comply … will result in both Walter Bernard and Wynton Bernard being held in Contempt of Court and being taken into custody by the Allegheny County Sheriff's Office and lodged at the Allegheny County Jail until such time as they purge themselves of Contempt." 9795 Perry Highway Management, LLC v. Bernard, No. GD-20-007843 (Ct. C.P. Allegheny Cnty. Apr. 27, 2023).

Plaintiffs failed to comply with the April 27, 2023 Order, and on May 3, 2023, Walter Bernard was taken into custody ("First Arrest") and brought immediately before Judge Ignelzi for a hearing. After the hearing, Walter Bernard was released and given one more chance to comply with the discovery requests. He did not, and on May 16,

---

[4]    352 WDA 2023.

2023, Judge Ignelzi held Bernard in contempt of court and issued a warrant for his arrest. Bernard appealed the May 16 contempt order to the Superior Court[5] on June 15, 2023 ("Third Appeal"). On August 9, 2023, Walter Bernard was arrested for a second time ("Second Arrest"). Thereafter, Walter Bernard settled with Landlord and also purged himself of contempt. The Third Appeal was ultimately dismissed as moot. 9795 Perry Highway Mgmt., LLC v. Bernard, No. 754 WDA 2023, 2024 WL 2050263, at *1 (Pa. Super. Ct. May 8, 2024), reargument denied (July 18, 2024).

On August 12, 2023, the Bernards brought the instant action in federal court. The Complaint alleges numerous state law torts and constitutional violations under 42 U.S.C. §§ 1983, 1985, and 1986, and seeks various forms of relief against Judge Ignelzi and others. The District Court dismissed the claims against Judge Ignelzi because he had sovereign immunity with respect to the claims in his official capacity, and absolute judicial immunity with respect to the claims against him in his individual capacity. Bernard v. Ignelzi, No. 2:23-cv-1463, 2024 WL 1704997, at *3, *6 (W.D. Pa. Apr. 19, 2024). The Bernards appealed, and now challenge only the District Court's holding that Judge Ignelzi has absolute judicial immunity. Judge Ignelzi is the only remaining defendant-appellee.

II.    DISCUSSION[6]

---

[5]    754 WDA 2023.

[6]    The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting a motion to dismiss is plenary. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). We accept the facts alleged in the light most favorable to the Bernards as

4

As a general matter, a judge is immune from suit for money damages and is immune from suits for declaratory and injunctive relief barring an exception not raised below. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (money damages); Allen v. DeBello, 861 F.3d 433, 439 (3d Cir. 2017) (declaratory and injunctive relief). Judicial immunity from suit for money damages can be overcome "in only two sets of circumstances." Mireles, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity," and "[s]econd, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12.

The jurisdiction of a judicial defendant "must be construed broadly" for purposes of determining judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). A judge does not act in clear absence of jurisdiction if the judge has "the power to manage the case and dispose of any issues relating to jurisdiction," regardless of whether the judge's determination as to

plaintiffs. Jaroslawicz v. M&T Bank Corp., 962 F.3d 701, 708 (3d Cir. 2020). A complaint should be dismissed only when it fails to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). We may affirm for any basis supported by the record. Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 116 (3d Cir. 2020).

jurisdiction is ultimately incorrect. Figueroa v. Blackburn, 208 F.3d 435, 444 (3d Cir. 2000).

The Bernards challenge Judge Ignelzi's jurisdiction to authorize[7] Bernard's First Arrest which took place on May 3, 2023, and his Second Arrest which took place on August 9, 2023. Specifically, the Bernards claim that the pendency of the Second and Third Appeals divested Judge Ignelzi of jurisdiction to issue the arrest warrants.[8] See Pa. R.A.P. 1701(a) (providing that "after an appeal is taken … the trial court … may no longer proceed further in the matter"). Two exceptions to Rule 1701 may have preserved Judge Ignelzi's jurisdiction during the pendency of the Second and Third Appeals.[9] However, we need not consider whether these exceptions applied, because even if Judge Ignelzi's actions exceeded his authority, he would not be deprived of absolute judicial

---

[7]　As noted above, Judge Ignelzi authorized the First Arrest in the April 27, 2023 Order, and issued a warrant for the Second Arrest on May 16, 2023. The Bernards appear to allege that Judge Ignelzi took additional actions on the later dates when the arrests were actually effected. For purposes of this appeal, the difference in dates does not matter, because Judge Ignelzi did not act in clear absence of jurisdiction on the dates that the arrests were authorized by order (April 27 and May 16) nor on the dates that the Bernards allege Judge Ignelzi otherwise directed the arrests (May 3 and August 9).

[8]　The Bernards do not appeal the District Court's rejection of their argument that the First Appeal deprived Judge Ignelzi of jurisdiction to issue the arrest warrants. The Bernards also assert that Judge Ignelzi acted as a law enforcement officer, rather than as a judge, in directing and supervising the Sheriff's Office in the First Arrest. This argument was not raised in the District Court and has therefore been forfeited. See United States v. Dowdell, 70 F.4th 134, 140 (3d Cir. 2023).

[9]　Rule 1701(b)(2) provides that a trial court may "[e]nforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in [Chapter 17 of the Rules]." Rule 1701(b)(6) provides that a trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order."

immunity.

The Supreme Court has illustrated the distinction between acts taken in excess of authority, and acts taken in *clear absence* of jurisdiction:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7 (citation omitted). As long as a judge has "the power to manage the case and dispose of any issues relating to jurisdiction," it is "simply irrelevant," for purposes of judicial immunity, whether the judge's specific jurisdictional determination was right or wrong. Figueroa, 208 F.3d at 444. Here, Judge Ignelzi generally had the power to manage the underlying landlord-tenant matter, 42 Pa. Cons. Stat. § 931(a); Domus, Inc. v. Signature Bldg. Sys. of PA, LLC, 252 A.3d 628, 636 (Pa. 2021) ("[T]he courts of common pleas have unlimited original jurisdiction of all actions, except where otherwise provided by law."), and the contempt proceedings that followed, County of Fulton v. Sec'y of Commonwealth, 292 A.3d 974, 1003 (Pa. 2023) (noting courts' "inherent power to enforce compliance with their lawful orders through civil contempt"). Accordingly, even if no exception applied under Rule 1701, Judge Ignelzi did not act in the clear absence of jurisdiction, and the District Court correctly concluded that judicial immunity protected him from suit. See Figueroa, 208

7

F.3d at 445.[10]

III.  CONCLUSION

For the reasons stated above, Judge Ignelzi did not act in clear absence of jurisdiction and therefore is shielded from suit by judicial immunity. Accordingly, the order of the District Court will be affirmed.

---

[10]  Judge Ignelzi also argues that Younger abstention would have precluded the District Court's review of the Bernards' claims. Because we agree with the District Court that the suit was barred by judicial immunity, we need not address this issue.